FILED
 2019 Aug-15 PM 01:32
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CRETEST THEODORE LLOYD III,** | )<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | )<br>)<br>) |
| **LAKEVIEW LOAN SERVICING LLC, M&T BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MOVEMENT MORTGAGE LLC,** | )  **CIVIL ACTION NO.**<br>)  _____<br>)<br>)<br>)<br>) |
| **Defendants.** | |

## NOTICE OF REMOVAL

COME NOW defendants Lakeview Loan Servicing LLC ("Lakeview Loan Servicing"), M&T Bank ("M&T"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Movement Mortgage LLC ("Movement"), (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby give notice of removal of this action

34034282 v1

from the Circuit Court of Shelby County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.  In support thereof, Defendants respectfully show unto the Court as follows:

## I. PROCEDURAL HISTORY

1. On July 9, 2019, plaintiff Cretest Theodore Lloyd III ("Plaintiff") filed a complaint for damages and for equitable relief against Defendants in the Circuit Court of Shelby County, Alabama, case number 58-CV-2019-900717.00.  (*See* Complaint, attached hereto with the state court file as **Exhibit A**.)

2. Plaintiff claims Defendants "improperly and wrongfully began foreclosure proceedings on [his] property."  (Compl. ¶ 7.)

3. Plaintiff's complaint asserts claims against Defendants for (1) negligence, (2) wantonness, (3) unjust enrichment, (4) wrongful foreclosure, (5) slander of title, (6) breach of contract, (7) fraud, (8) false light, (9) defamation/libel/slander, (10) violations of the Truth in Lending Act ("TILA"), (11) violations of the Real Estate Settlement Procedures Act ("RESPA"), (12) violations of the Fair Credit Reporting Act ("FCRA"), (13) violations of the Fair Debt Collection Practices Act ("FDCPA"), and (14) declaratory relief.  (*See generally,* Complaint, Ex. A.)  All of Plaintiff's claims are based on the same set of operative facts, namely, the servicing of his mortgage loan and the alleged wrongful initiation of foreclosure.  (*See id.*)

4. Plaintiff alleges that he has suffered mental anguish, economic injury, injury to his reputation, and other unspecified damages. (Ex. A ¶¶ 22, 25, 31, 43, 56, 73, 90, 100.) Plaintiff seeks actual damages, compensatory damages, punitive damages, attorney's fees, costs, and declaratory relief. (*See* Compl.)

5. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

6. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. §§ 1331 and 1332.

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

7. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting claims against Defendants based upon alleged violations of the TILA, RESPA, FCRA and FDCPA, which are federal

consumer protection statutes. [*See* Complaint; *see also* 15 U.S.C. §§ 1601 *et seq.*, 12 U.S.C. §§ 2601 *et seq.*, 15 U.S.C. § § 1681 *et seq.*, 15 U.S.C. § § 1692 *et seq.*]

9. Accordingly, Plaintiff's federal claims all arise under the laws of the United States and could have been originally filed in this Court.

### III. SUPPLEMENTAL JURISDICTION

10. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because these claims form part of the same case or controversy as Plaintiff's federal claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows: "[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

11. In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis for his federal claims. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

12. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of

judicial resources. *See Braswell Wood Co., Inc. v. Waste Away Group, Inc.*, No. 2:09-cv-891, 2011 WL 2292311, *3 (M.D. Ala. June 9, 2011) (recognizing that judicial economy is a consideration in whether to exercise supplemental jurisdiction). In the instant case, Plaintiff's state law claims arise from the same transaction or occurrence but do not raise novel or complex issues of state law or predominate over Plaintiff's federal claims. Therefore, this Court should exercise jurisdiction over all claims asserted in the Complaint. *See id.* at *1 (citing 28 U.S.C. § 1367(c)).

## IV. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

13. Diversity jurisdiction also exists over this action. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

### A. The Parties are diverse.

14. First, the parties are diverse. Plaintiff, upon information and belief, is a resident of Alabama. (Compl. ¶ 2.)

15. M&T is incorporated in New York with its principal place of business in New York. Accordingly, M&T is a citizen of New York for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

16. MERS is a Delaware corporation with its principal place of business in Virginia. Accordingly, MERS is a citizen of Delaware and Virginia.

17. Lakeview Loan Servicing and Movement Mortgage are limited liability companies. The citizenship of limited liability companies is determined by the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

18. Lakeview Loan Servicing's only member is incorporated in Delaware with its principal place of business in Florida. Accordingly, Lakeview Loan Servicing is a citizen of Delaware and Florida.

19. Movement Mortgage's only members are (1) a North Carolina corporation with its principal place of business in South Carolina and (2) a Virginia corporation with its principal place of business in Virginia. Therefore, Movement Mortgage is a citizen of North Carolina, South Carolina, and Virginia.

20. Because no defendant has the same citizenship as Plaintiff, the parties are completely diverse as required by 28 U.S.C. § 1332.

**B.     The Amount in Controversy Exceeds $75,000.**

21.     The amount in controversy requirement is satisfied in this case because the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

22.     In the Complaint, Plaintiff demands an unspecified amount of compensatory and punitive damages, costs, and attorney's fees.  (*See* Compl.)  Plaintiff also requests that the Court issue an Order declaring that Defendants have no right to foreclose and prohibiting Defendants from foreclosing.  (*Id.* ¶ 110.)

23.     Plaintiff's demand for an order enjoining the foreclosure sale satisfies the amount in controversy.  A plaintiff's request for an order prohibiting defendants from initiating foreclosure is considered a request to permanently enjoin a foreclosure, and "the whole of the mortgage or the value of the house becomes the value of the relief requested."  *See Taylor v. Ocwen Loan Servicing, LLC*, No. 13–0344–KD–M, 2013 WL 6628621, at *1 (S.D. Ala. Dec. 17, 2013).

24.     "In such cases, the appropriate measure of the amount in controversy is the value of the property at issue."  *Pah v. JPMorgan Chase Bank, N.A.*, No. 1:12–cv–4071–JEC, 2014 WL 1683332, at *2 (N.D. Ga. Apr. 29, 2014) (citing *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) (in suit for declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation")); *Mapp v.*

*Deutsche Bank Nat. Trust Co.*, 3:08-CV-695-WKW, 2009 WL 3664118, at *3 (M.D. Ala. Oct. 28, 2009) ("The most appropriate way to measure the value of the rights at stake when a foreclosure is at issue is the value of the property itself.").

25. Thus, to establish federal diversity jurisdiction, Defendants must prove that the value of the property "more likely than not" exceeds $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

26. While Plaintiff does not specify the value of the property in the Complaint, the value of the property may be ascertained by looking outside of the pleadings. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Pah*, 2014 WL 1683332, at *2 (in suit to set aside foreclosure, court relied on price paid to purchase the property at foreclosure and tax assessor's appraised value of property as evidence of amount in controversy).

27. The property at issue in this case was assessed by the Shelby County Tax Assessor's Office in 2018 as having an appraised value of $128,800.  (*See* Shelby County Tax Assessor's Records, attached hereto as **Exhibit B**).  Accordingly, the amount in controversy is satisfied from the value of the property. *See Berry v. Mortg. Elect. Regis. Systems*, No. CA-11-0618-KD-C, 2012 WL 1145219, at *5 (S.D. Ala. Mar. 15, 2012) (looking at property appraisal issued by tax assessor to determine amount in controversy for a case requesting an injunction against foreclosure and eviction).

28. Additionally, the Mortgage executed by Plaintiff, attached hereto as **Exhibit C**, secures a promissory note in the original amount of $129,000. Based on this mortgage, the value of the property more likely than not exceeds $75,000. *See, e.g., Haynes v. JPMorgan Chase Bank, N.A.*, 466 F. App'x 763, 764 (11th Cir. 2012) (amount secured by security deed filed with notice of removal served to satisfy amount-in-controversy requirement); *Reynolds v. JPMorgan Chase Bank N.A.*, No. 5:11-CV-311 MTT, 2011 WL 5835925, at *2 (M.D. Ga. Nov. 21, 2011) ("[T]he security deed meets the amount-in-controversy requirement."); *Roper v. Saxon Mortg. Services*, No. 1:09–CV–312–RWS, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009) (finding that amount-in-controversy requirement was satisfied where "Plaintiff's Complaint cites to a security deed in the original amount of $352,480.00").

29. By attempting to enjoin the foreclosure, Plaintiff puts the value of property worth at least $128,800 at issue. Therefore, based on either the appraised property value or the mortgage, it is clear that Plaintiff's request for equitable relief alone exceeds the jurisdictional minimum for the amount in controversy.

30. Accordingly, because Plaintiff seeks compensatory damages as well as an unlimited amount of punitive damages, in addition to equitable relief valued above $75,000, the amount in controversy requirement is easily met here.

## V. ADOPTION AND RESERVATION OF DEFENSES

31.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.  Defendants also reserve the right to demand arbitration pursuant to any contractual agreements with Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## VI. PROCEDURAL REQUIREMENTS

32.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

33.     True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon Defendant to date in this case.

34. This Notice of Removal is filed within thirty days after service on Defendants of the Complaint and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

35. Defendants have not previously sought similar relief.

36. The United States District Court for the Northern District of Alabama, Southern Division, is the District and Division embracing the place where this action is pending in state court.

37. Defendants reserve the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

38. Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Shelby County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Shelby County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this the 14th day of August, 2019.

                    *s/ Rachel R. Friedman*
                    Matthew T. Mitchell (MIT050)
                    Rachel R. Friedman (FRI045)

                    BURR & FORMAN LLP
                    420 North 20th Street, Suite 3400
                    Birmingham, Alabama  35203
                    Telephone: (205) 251-3000
                    Facsimile: (205) 458-5100
                    mmitchel@burr.com
                    rfriedman@burr.com

                    Attorneys for Defendants
                    LAKEVIEW LOAN SERVICING LLC,
                    M&T BANK,
                    MORTGAGE ELECTRONIC REGISTRATION
                    SYSTEMS, INC.,
                    AND MOVEMENT MORTGAGE LLC

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 14th day of August, 2019:

                    Kenneth James Lay
                    Hood & Lay, LLC
                    1117 22nd Street South
                    Birmingham, AL 35205

                    *s/ Rachel R. Friedman*
                    OF COUNSEL